1  **WO**

2

3

4

5

6  IN THE UNITED STATES DISTRICT COURT

7  FOR THE DISTRICT OF ARIZONA

8

9  Gerald Earle Johnson,                    )   No. CIV 06-258-TUC-GEE
                                            )
10           Plaintiff,                      )   **ORDER**
                                            )
11  vs.                                      )
                                            )
12  Michael J. Astrue, Commissioner of the )
    Social Security Administration,         )
13                                           )
             Defendant.                      )
14                                           )
                                            )
15  ─────────────────────────────────

16

17          Pending before the court is a motion for attorney's fees pursuant to the Equal Access to

18  Justice Act filed by the plaintiff on August 21, 2007.  [doc. # 31]  The defendant filed a

19  response and the plaintiff filed a reply.

20          The plaintiff, Gerald Earle Johnson, filed this action for review of the final decision of

21  the Commissioner for Social Security[1] pursuant to 42 U.S.C. § 405(g).  On May 23, 2007, this

22  court issued judgment in favor of Johnson and against the Commissioner for Social Security.

23  On August 21, 2007, Johnson filed the instant motion for attorney's fees pursuant to the Equal

24  Access to Justice Act,  28 U.S.C. § 2412.

25

26

27  ─────────────────────

28          [1]  The new Commissioner for Social Security, Michael J. Astrue, is substituted for the original
    defendant, Joanne B. Barnhart, pursuant to FED.R.CIV.P. 25(d)(1).

1    The United States Magistrate Judge presides over this case pursuant to 28 U.S.C. §
2    636(c) and FED.R.CIV.P. 73 having received the written consent of both parties.

3

4    Discussion

5    The Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, provides for an award of
6    attorney's fees to a "prevailing party" in a civil action brought for judicial review of an action
7    by a government agency "unless the court finds the position of the United States was
8    substantially justified or that special circumstances make an award unjust."  28 U.S.C. §
9    2412(d)(1)(A).  The attorney's fees awarded must be "reasonable." 28 U.S.C. § 2412(d)(2)(A).
10   The court will not approve "fee request hours that are excessive, redundant or otherwise
11   unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983);  *See also Atkins v. Apfel*, 154
12   F.3d 986, 988-89 (9th Cir. 1998)  (applying *Hensley* to the EAJA).  If the order awarding fees
13   is appealed, the court of appeals reviews for an abuse of discretion.  *Atkins*,  154 F.3d at 987.

14   In this case, the plaintiff's counsel moves for an award of attorney's fees.  He submits
15   a fee request for 22.1 hours in 2006, billed at a rate of $161.85 per hour and 8.7 hours in 2007,
16   billed at a rate of $164.73 per hour.  In total, he moves for an award of $5,010.05. [doc. # 33];
17   [doc. # 37]

18   The government concedes an award is proper, but it argues the amount requested is
19   excessive.  Specifically, the government objects to the 4.4 hours expended on the complaint, the
20   time expended in summary judgment motion practice, and the time spent briefing the instant
21   motion.

22   The government argues first the plaintiff's complaint was unnecessarily long and detailed
23   violating the spirit of Rule 8.  FED.R.CIV.P.  The complaint in this case was ten pages long and
24   contained a  detailed  outline  of  the  errors  plaintiff  perceived  in  the  decision  of  the
25   Commissioner.  While this amount of detail is not necessary in the complaint, it cannot be said
26   counsel's labors were "redundant or otherwise unnecessary." *See Hensley v. Eckerhart*, 461
27   U.S. 424, 434 (1983).  The effort expended at this early juncture was undoubtably useful later

28

1   on at the summary judgment stage.  Moreover, as plaintiff's counsel points out, writing a

2   complaint is not a simple secretarial task.  It is prudent to examine the merits of one's case prior

3   to filing.  The court finds it reasonable that counsel expended four hours reviewing the record,

4   analyzing the Commissioner's decision, conferencing with his partner, and drafting the

5   complaint.

6       The government further argues the time counsel spent briefing the motion for summary

7   judgment was excessive because the issues were routine and the reply brief "added nothing to

8   arguments raised by Plaintiff's opening brief."  Counsel for the plaintiff asserts he spent 20.8

9   hours briefing the motion for summary judgment.  The administrative record in this case runs

10  to 263 pages.  Counsel raised four issues in his motion for summary judgment, which was 16

11  pages long and cited to legal authority 28 times.  In his reply brief, he offered cogent analysis

12  of the Commissioner's response.  On this record, the court finds counsel's performance

13  reasonable.

14      Finally, the government argues it was unnecessary for plaintiff's counsel to file the

15  instant motion without first attempting to settle the issue without litigation.  While the court

16  believes it is important for the parties to settle as many issues as possible without the court's

17  involvement, it cannot be said that the instant motion was unnecessary.  The government

18  obviously does not agree that counsel's requested fee is reasonable.  Litigation on the issue was

19  apparently unavoidable.

20      The court finds attorney's fees in the amount of $5,010.05 based on a total of 30.8 hours

21  expended is reasonable in this case.  *See, e.g., Harden v. Commissioner Social Security*

22  *Administration*, 497 F.Supp.2d 1214, 1215 (D.Or. 2007) ("There is some consensus among the

23  district courts that 20-40 hours is a reasonable amount of time to spend on a social security case

24  that does not present particular difficulty.").  Accordingly,

25

26

27

28

1    IT IS ORDERED that the motion for attorney's fees filed by the plaintiff on August 21,

2  2007, is GRANTED.  [doc. # 31]  The  award will be in the amount of $5,010.05 and paid to

3  counsel, "Mark Caldwell." [doc. # 32]; [doc. # 37]

4

5    DATED this 29th day of October, 2007.

6

7

8    _____

9                    Glenda E. Edmonds
                United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -